Opinion filed August 1, 2013



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00107-CR, 11-13-00108-CR, 11-13-00109-CR, 11-13-00110-CR, & 11-13-00111-CR

_____

## CYNTHIA RENEE ACOSTA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 90th District Court

Stephens County, Texas

Trial Court Cause Nos. F32324, F32477, F32647, F32648, & F32649

## M E M O R A N D U M   O P I N I O N

Cynthia Renee Acosta pleaded guilty on January 7, 2010, to five offenses. The offenses included the third-degree felony offense of retaliation (Cause No. 11-13-00108-CR), the state jail felony offense of possession of a controlled substance (Cause No. 11-13-00107-CR), and three instances of the state jail felony offense of

forgery of a financial instrument by passing (Cause Nos. 11-13-00109-CR, 11-13-00110-CR, and 11-13-00111-CR). In accordance with a plea agreement, the trial court assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years on the retaliation conviction (Cause No. 11-13-00108-CR). For the remaining four state jail felony offenses, the trial court assessed Appellant's punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years with all five sentences to run concurrently. However, the trial court suspended the imposition of the five sentences and placed Appellant on community supervision for a term of five years for each offense.

The State subsequently filed motions to revoke community supervision in each case alleging multiple violations of the terms and conditions of Appellant's community supervision. The State alleged the same violations in each motion. The trial court considered the motions at a hearing conducted on March 7, 2013. Appellant entered a plea of "true" to some of the alleged violations at the outset of the hearing. At the conclusion of the hearing, the trial court found some of the alleged violations to be true, revoked Appellant's community supervision, and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years on the retaliation charge and confinement for a term of two years in the State Jail Division on each of the state jail felony offenses, with all five sentences to run concurrently. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's

brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.— Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

---

[1] By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

August 1, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.